IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| MATEEN HALEEM, | ) | |
|     Plaintiff, | ) | Civil Action No. 5:17-cv-00003 |
| | ) | |
| v. | ) | MEMORANDUM OPINION & ORDER |
| | ) | |
| DR. MOISES QUINONES et al., | ) | By:   Joel C. Hoppe |
|     Defendants. | ) | United States Magistrate Judge |

Plaintiff Mateen Haleem filed this action under 42 U.S.C. § 1983 alleging that three remaining Defendants violated Haleem's constitutional rights while he was detained at the Middle River Regional Jail ("MRRJ") from August through September 2015, and again from August through November 2016. *See generally* Second Am. Compl. 1–10, ECF No. 49. More specifically, Haleem alleges that: (1) Defendant Dr. Moises Quinones, a physician under contract to provide medical care at MRRJ, "deliberately failed to provide" Haleem with his prescription pain and antiepileptic medications for six weeks in 2015, *see id.* ¶¶ 13–14; (2) Defendants Carlston Vandevander and David Gregory, both MRRJ correctional officers at all times relevant to the action, repeatedly doused Haleem's eyes with pepper spray, "used [his] head as a battering ram," and broke his finger "one day" sometime after August 2016, *see id.* ¶¶ 6, 27–35; and (3) Vandevander's and Gregory's conduct on that day was in retaliation for Haleem filing "numerous grievances about cold and rotten food" and "the failure to receive his medication" while he was detained at MRRJ, *see id.* ¶¶ 27–28, 40–41. Haleem seeks compensatory and punitive damages against each Defendant in his individual capacity. *See id.* at 1, 23–24. Discovery is ongoing and a jury trial is set to begin on April 1, 2019. *See* Sched. Order 1, ECF No. 66.

The matter is now before the Court on Defendant Quinones's motion seeking to "sever[] for purposes of discovery and trial" Haleem's § 1983 claim against him "from the claims asserted against" Defendants Vandevander and Gregory, arguing that he was misjoined as a defendant. Mot. to Sever, ECF No. 70; *see* Br. in Supp. 4–5 (citing Fed. R. Civ. P. 20, 21), ECF No. 71. Haleem "does not contest severance," although he "believes that judicial economy may be served by trying all [remaining] Defendants in one case." *See* Pl.'s Resp. Br. 1 n.1, ECF No. 87. Defendants Vandevander and Gregory also do not object to severance. ECF Nos. 82, 86. The nondispositive pretrial motion is before me under 28 U.S.C. § 636(b)(1)(A). Sched. Order 2.

"A district court [has] broad discretion in ruling on a requested severance under Rule 21" of the Federal Rules of Civil Procedure. *Hanna v. Gravett*, 262 F. Supp. 2d 643, 647 (E.D. Va. 2003) (citing *Saval v. BL Ltd.*, 710 F.2d 1027, 1031–32 (4th Cir. 1983)). While Rule 21 does not set out a standard "for determining misjoinder, courts have uniformly held that parties are misjoined" when they do not meet the prerequisites for permissive joinder under Rule 20(a). *Id.* (collecting cases). As relevant here, Rule 20(a) provides that persons

> may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(A)–(B) (2017). "The requirements for permissive joinder are liberally construed in the interest of convenience and judicial economy in a manner that will secure the just, speedy, and inexpensive determination of the action." *Dillon v. BMO Harris Bank, N.A.*, 16 F. Supp. 3d 605, 615 (M.D.N.C. 2014) (quotation marks omitted). "The 'transaction or occurrence' test" in particular "is designed to permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding[,] . . . . thereby preventing multiple lawsuits." *Advamtel, LLC v. AT&T Corp.*, 105 F. Supp. 2d 507, 514 (E.D. Va. 2000) (citing

*Saval*, 710 F.2d at 1031). This determination is made on a case-by-case basis, *id.* at 513, and typically permits joinder so long as all the claims against different parties arise out of events that "have a 'logical relation to one another,'" *Tinsley v. Streich*, 143 F. Supp. 3d 450, 459 (W.D. Va. 2015) (quoting *Stephens v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, 807 F. Supp. 2d 375, 379 (D. Md. 2011)).

Quinones argues that Haleem's § 1983 deliberate-indifference claim against the doctor "involve[s] discreet questions of law and fact wholly distinct from the factual and legal issues" underlying Haleem's § 1983 excessive-force and retaliation claims against the two jail officers. Br. in Supp. 4–5. This position is persuasive, especially considering that the Second Amended Complaint makes very clear that Dr. Quinones was under contract as an MRRJ physician only "[d]uring the 2015 time period" and therefore he could not have been personally involved in anything that happened to Haleem during his "second stint at MRRJ from August 2016 through November 2016," including the alleged officers-on-detainee assault that occurred sometime during that three-month period. Second Am. Compl. ¶¶ 4, 13, 15, 18–19, 21; *see* Order, ECF No. 39. Indeed, the only allegations in any way linking these three Defendants and the events underlying Haleem's two "stints" at MRRJ are that: (1) Defendants Vandevander and Gregory were correctional officers at this jail "at all times relevant" to Haleem's claims; (2) in August 2015, Haleem filed a grievance informing MRRJ medical staff that he had not received his medications; (3) upon returning to MRRJ in August 2016, Haleem "began to submit numerous grievances about cold and rotten food, to the point that Defendants Vandevander and Gregory . . . targeted him as a 'trouble maker'" and told Haleem that "'he would get it'" if he "kept submitting grievances," which Haleem did anyway; and (4) the officers later beat Haleem in retaliation for filing "grievances for what he perceived [to be] unconstitutional conditions of

confinement," including jail officials' failure to administer his prescription medication. *See* Second Am. Compl. ¶¶ A, 6, 18, 21, 27, 41. The mere fact that Vandevander and Gregory happened to be employed as officers at MRRJ "[d]uring the 2015 time period," *see id.* ¶¶ 4, 6, is not enough to establish a logical connection between Dr. Quinones's alleged denial of medical care during that time and the officers' alleged retaliatory use of excessive force one year later—especially given the months-long gap between Haleem's two terms of detention. *See Sanders v. Rose*, 576 F. App'x 91, 95 (3d Cir. 2014) (concluding that a former pretrial detainee's allegations that he signed his name as "'Mickey Mouse' to show his displeasure at having been denied library access" by a jail counselor, that the jail counselor "expressed anger about someone 'disrespecting her' by signing 'Mickey Mouse,'" and that the detainee was "brutally beaten" by several jail officers who "sang the 'Mickey Mouse' song as they dragged him to another cell," and that these events all occurred on a single day, satisfied Rule 20(a)(2)'s permissive joinder standard).

Quinones also argues that severance is warranted because "the witness testimony and any other evidence [that Haleem] may rely upon to support the excessive force and retaliation claims necessarily would be different from the evidence that he will need to support the deliberate indifference claims asserted" against the jail physician. Br. in Supp. 5. This concern is legitimate, and Haleem does not contest it. *See* Pl.'s Resp. Br. 1 n.1. Thus, separate trials are necessary. Nonetheless, given the nature of Haleem's claims and allegations against current or former officials at one jail, keeping the matters together for pretrial purposes under one scheduling order, ECF Nos. 66, 74; *see also* ECF No. 68 (parties' Rule 26(f) Report), better serves the "interest of convenience and judicial economy in a manner that will secure the just, speedy, and

inexpensive determination of the action," *Dillon*, 16 F. Supp. 3d at 615–16. *See* Fed. R. Civ. P. 42(b).

Accordingly, Defendant Quinones's motion to sever, ECF No. 70, is hereby GRANTED IN PART. Plaintiff's § 1983 claims against all remaining Defendants shall be joined in this action through the close of discovery and the resolution of any dispositive motions. *See* Sched. Order 1. If necessary, separate trials will be scheduled during the week of April 1, 2019, for the claim against Defendant Quinones and the claim or claims against Defendants Vandevander and Gregory.

It is so ORDERED.

ENTER: October 3, 2018

Joel C. Hoppe
U.S. Magistrate Judge